# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| JOHN ANTHONY EBARB | CIVIL ACTION NO. 22-5257-P |
| VERSUS | JUDGE FOOTE |
| LT. MOORE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff John Anthony Ebarb ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on September 15, 2022.  He names Lt. Moore and the Caddo Parish Sheriff's Office as defendants.

Plaintiff claims that on July 31, 2018, he pleaded guilty to attempted indecent behavior with a juvenile.  He claims his attorney informed him that he received no probation or parole and no lifetime registration.  He claims he was not multi billed and his sentence was 18 months at hard labor.

Plaintiff claims that 28 days before his release date, a Probation and Parole Officer came to sign him out.  He claims he was told the Probation and Parole Officer was there because he was not going to be on paper probation or parole when he was released.  He claims the Probation and Parole Officer told him that he would not be released on his

release date if he did not sign the papers.  He claims he was also told to hire a lawyer when he was released regarding the matter.

Plaintiff claims that when he was released from incarceration, he had 48 hours to report to Probation and Parole.  He claims he reported to Probation and Parole for two years and paid $78.00 a month.  He claims they also came to his house once a month.

Plaintiff claims he had two years to file his application for post-conviction relief. He claims before his two-year time limit expired, he contacted attorney Allen Golden and hired him for $10,000.00 regarding the parole matter and to file his application for post-conviction relief.  Plaintiff claims he had a court date in Bossier Parish before his sentencing judge, Parker Self.  He claims Judge Self asked Probation and Parole why they were messing with him since he was not on probation or parole.  Plaintiff claims he was released from parole and he continued to register yearly.

Plaintiff claims that one year later, he registered at Caddo Correctional Center.  He claims he was asked to return because the deputy forgot to give him some paperwork.  He claims that when he returned to Caddo Correctional Center, the deputy gave him paperwork and informed him that he had to register every three months for the rest of his life and not yearly for 15 years.

Plaintiff claims he would not have pleaded guilty to lifetime registration.

Plaintiff claims he was arrested for failure to register as a sex offender.  He claims he was offered eight years in prison and if he refused the offer, he would receive ten years in prison.

Plaintiff claims he has not received a court date in Bossier Parish for his application for post-conviction relief.  He claims his application has been pending for more than two years.

Accordingly, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

Plaintiff claims his conviction and sentence are illegal.  Plaintiff is seeking monetary compensation for an allegedly unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner.  Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983.  See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998).  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has

not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence has been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary compensation for his allegedly unconstitutional conviction and sentence be **DISMISSED**

**WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st day of August, 2023.



_____
Mark L. Hornsby
U.S. Magistrate Judge